UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN ROMANCHACK, III, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN CLINICAL SOLUTIONS, LLC.,

    Defendant.
_____/

Case No. 9:24-cv-81075-DMM

KATHLEEN WEDZIK, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN CLINICAL SOLUTIONS, LLC.,

    Defendant.
_____/

Case No. 9:24-cv-81356-DMM

**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL AND GRANTING IN PART MOTION TO MODIFY TRIAL DATE**

THIS CAUSE comes before the Court on Plaintiffs John Romanchack, III and Kathleen Wedzik's (collectively, "Plaintiffs") Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Scheduling Deadlines ("Motion") (DE 5), filed October 31, 2024. Plaintiff Romanchack, III is the plaintiff in Case No. 9:24-cv-81075-DMM and Plaintiff Wedzik is the plaintiff in Case No. 9:24-cv-81356-DMM. I am the presiding judge in both cases. Plaintiffs now move to consolidate these cases and to have their attorneys serve as interim class counsel under Federal Rule of Civil Procedure 23(g)(3). Plaintiffs also propose a briefing schedule for the filing of a Consolidated Class Action Complaint and the anticipated Motion to Dismiss briefing from

Defendant American Clinical Solutions, LLC. Defendant does not oppose the Motion to Consolidate, takes no position on the appointment of interim class counsel, and proposes a slightly altered briefing schedule. (DE 12). I have reviewed the Motion and proposal of the Parties, including all files, records, and prior proceedings to date in this matter and I will grant Plaintiffs' Motion for the reasons set forth later in this Order.

THIS CAUSE is also before the Court on the Parties' recently filed Motion to Enter Scheduling Order and Modify Trial Date (DE 13), in which they request longer deadlines than those set forth in this Order. The Parties request that I remove this action from the June 2, 2025 trial docket, set an elongated briefing schedule limited to the consolidated amended complaint and responses thereto, and suspend all other applicable deadlines in this case until an order is issued on the forthcoming motion to dismiss. The Parties' sole rationale for this proposed schedule is "the complexity of the facts and class allegations in this action and the *Wedzki* action, which have not yet been consolidated" and that limiting the deadlines in this case to solely the motion to dismiss briefing "will preserve party and judicial resources while a potentially dispositive motion to dismiss is pending." (DE 13 at ¶¶ 7, 8). This is not convincing to me. A motion to dismiss rarely on its own constitutes good cause to entirely stay a case, and the Parties' vague references to the complexity of their data breach class action and the interests of judicial economy do not constitute good cause for such an unknown and lengthy extension of time. Therefore, I will deny the Parties' requested extensions of the briefing schedule. However, because the filing of a consolidated class action complaint will essentially begin the case from anew, I will reschedule the trial to August 11, 2025, with a calendar call of August 6, 2025. A separate Order resetting the pretrial and trial deadlines in this case will be forthcoming.

## I. CONSOLIDATION

Having reviewed the Motion and the complaints filed in *Romanchack v. American Clinical Solutions, LLC*, Case No. 9:24-cv-81075-DMM and *Wedzik v. American Clinical Solutions, LLC,* No. 9:24-cv-81356 (together, "Related Actions") and having found that the Related Actions involve some of the same issues of fact and law grow out of the same alleged data breach involving Defendant American Clinical Solutions LLC ("ACS" or "Defendant"), have several of the same claims, and have proposed class definitions that will encompass the same persons, I find that the Related Actions have sufficient commonality of issues and parties to warrant consolidating the cases. I also find that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources.

Accordingly, because I find that the Related Actions have sufficient commonality of law and fact and does not increase the risk of an unfair outcome:

1. The above-listed actions shall be consolidated for all purposes into the *Romanchack* action, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *Romanchack* action, Case No. 9:24-cv-81075-DMM ("Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case No. 9:24-cv-81075-DMM, the number assigned to the first-filed case, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE AMERICAN CLINICAL SOLUTIONS, LLC Data Breach Litigation | Master File No. 9:24-cv-81075-DMM |

This Document Relates To:

3. The *Wedzik* action, Case No. 9:24-cv-81356 shall be closed and the clerk of Court is directed to terminate the case. All future filings shall be made in the Consolidated Action, Case No. 9:24-cv-81075-DMM, only.

4. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this order, within 10 days after the date upon which a copy of this order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred action;

5. Plaintiffs shall file a consolidated amended complaint no later than 21 days following the appointment of interim class counsel;

6. Defendant shall have 21 days from the filing of the consolidated amended complaint to file a motion to dismiss or otherwise respond thereto, Plaintiffs shall have 14 days thereafter to file their opposition, and Defendant shall have 7 days thereafter to file a reply in support;

7. This Order shall apply to the above-captioned matters, any subsequently consolidated

action, any actions consolidated with the above-captioned matters, and any actions filed in or transferred or removed to this Court relating to the fact and the data breach underlying this litigation.

## II. APPOINTMENT OF COUNSEL

I appoint Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC, and Jeff M. Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel for all Plaintiffs. Interim Co-Lead Class Counsel must assume responsibility for the following duties during all phases of this litigation:

1. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

2. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

3. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

4. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position

of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

5. Serving as the primary contact for all communications between Plaintiffs and counsel for Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

6. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

7. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

8. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

9. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

10. Negotiating and entering into stipulations with counsel for Defendant as necessary for the conduct of the litigation;

11. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

12. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

13. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

14. Assessing Plaintiffs' counsel for the costs of the litigation;

15. Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

16. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Class Counsel also will recommend apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and,

17. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

### III. ADDITIONAL MATTERS

This Order applies to all actions included in the above-captioned consolidated matter and all subsequently consolidated actions. Interim Co-Lead Class Counsel must serve a copy of this order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Co-Lead Class Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Plaintiffs' Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Scheduling Deadlines (DE 5) is **GRANTED** as outlined in this Order.

2) The above-listed actions shall be consolidated for all purposes into the *Romanchack*

7

action, which is the lowest numbered case, Case No. 9:24-cv-81075-DMM. The Clerk is **DIRECTED TO CLOSE** the remaining actions: *Wedzik*, Case No. 9:24-cv-81356.

3) Defendant's Motion for Extension of Time to Respond to Class Action Complaint (DE 6) is **DENIED AS MOOT**.

4) The Parties' Joint Motion to Enter Scheduling Order and Modify Trial Date (DE 13) is **GRANTED IN PART.** The trial in this matter is **RESCHEDULED** to **the two-week trial period commencing August 11, 2025, 9:00 a.m.**, or as soon thereafter as the case may be called, at the United States District Court at 701 Clematis Street, Second Floor, Courtroom 7, West Palm Beach, Florida. The calendar call in this matter is **RESCHEDULED** to **Wednesday, August 6, 2025, at 1:15 p.m.** at the same location.

5) An Order Resetting Pretrial and Trial Deadlines shall be issued shortly thereafter.

**SIGNED** in Chambers at West Palm Beach, Florida, this 5th day of December, 2024.

_____
Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record